WASTE, C. J.
This cause is presented upon a motion by defendants to dismiss the appeal of plaintiff or to affirm the judgment. The motion is made upon two grounds: (1) that the appeal should be dismissed for failure to file a properly certified transcript, or (2) the judgment should be affirmed because the appeal presents no substantial question.
The first point, is without merit. The printed transcript contains a thirty-page partial judgment roll, including *580 pleadings, findings, and judgment, certified by the clerk and stipulated to by counsel, and also a bill of exceptions, stipulated to by counsel, and allowed and settled by the trial judge. The transcript is in a form which sufficiently satisfies statutory requirements and the rules of this court.
The second contention must be sustained. Plaintiff sought by this action to enforce an alleged prenuptial agreement which she alleged was made in consideration of her marriage to defendant J. H. Barton, and pursuant to which allegedly she should have acquired a one-half interest in all property which he owned as of July 26, 1934, date of their marriage.
The trial court found that prior to the marriage of plaintiff and said defendant, certain oral promises (not thereafter kept) were made by him to her, but that said defendant did not make such promises with the intention to deceive or defraud plaintiff, or as a material inducement to plaintiff in bringing about the marriage; that there was never executed between plaintiff and said defendant any written agreement or written memorandum of any agreement made upon consideration of marriage, or as a contract for marriage settlement, as referred to in sections 178 and 179 of the Civil Code, and paragraph 3 of section 1973 of the Code of Civil Procedure; that plaintiff’s claims were barred by the provisions of those sections, and that no estoppel existed for her benefit which denied said defendant the right to rely upon the statutes in defense of plaintiff’s alleged cause of action. These findings were followed by entry of judgment in favor of defendants.
Plaintiff appealed from the judgment. . She urges two main contentions, which she has argued under several headings ; that is, she contends, first, that the evidence does not justify the findings, and, second, that defendant is estopped to plead the above cited statutes as a defense to the action.
The first contention is without merit. The evidence affords ample support for the findings and conclusions of the trial court. Neither can the. second contention be upheld. Plaintiff claimed that letters written to her by defendant J. H. Barton contained a note or memorandum of the alleged prenuptial agreement sufficient to satisfy the statute of frauds, and that as those letters were destroyed by said defendant, he did not come before the court with clean hands, and it *581 should have been presumed that the letters contained evidence adverse to him; that therefore he was estopped to rely upon the statute of frauds as a defense. The answer to this claim is that the trial court expressly found the following facts: That “plaintiff went to the City of Seattle . . . for a visit and that while there many letters were exchanged between plaintiff and the defendant J. H. Barton, which the court finds were solely of a social and sentimental nature and were intended as such. The court finds that plaintiff failed to meet the burden of proof of establishing that said letters or any of them . . . contained any promise or agreement on the part of the defendant J. H. Barton to transfer his property in joint tenancy between plaintiff and defendant J. H. Barton upon their marriage and the court finds that no such letter, nor any letter, written by J. H. Barton to plaintiff contained any memorandum of any such promise or agreement, nor of any similar promise or agreement.” The evidence supports these findings.
The judgment is affirmed.
Shenk, J., Langdon, J., Curtis, J., Edmonds, J., Seawell, J., and Houser, J., concurred.